McCarroll, Commissioner of Revenues *v.* Ozarks Rural Electric Cooperative Corporation.

4-6223                                146 S. W. 2d 693

Opinion delivered November 11, 1940.

*E. E. McLees* and *Frank Pace, Jr.,* for appellant.

*Maupin Cummings, John Sherrill* and *Howard Cockrill,* for appellee.

HOLT, J. September 13, 1940, appellee, Ozarks Rural Electric Cooperative Corporation, filed petition for a restraining order in the Pulaski chancery court against appellant, Z. M. McCarroll, Commissioner of Revenues for the state of Arkansas, in which it alleged that it is a corporation organized under the provisions of act 342 of 1937, for the purpose of acquiring electricity, and its distribution to its members only, in the rural sections of Washington, Benton and Madison counties.

It further alleged that appellant, by virtue of act 154 of 1937, had been collecting a two per cent. sales tax on appellee's total sales of electricity to its members; alleged the collection of such tax to be unlawful by virtue of § 30 of act 342, *supra,* which provides that corporations such as plaintiff should be exempt from the payment of any other excise tax upon the payment annually of $10 for each 100 members.

It is further alleged that appellee is a quasi-public corporation and, therefore, not liable for the sales tax in question, but that if the court should find the sales tax due upon the electricity sold by the corporation, such tax should be based upon the price of the electricity purchased by appellee (the cooperative) rather than upon the price of the electricity sold to its individual members.

There was a prayer that the Commissioner of Revenues be restrained from collecting the two per cent. sales tax on all electricity sold to its members and that appellant be ordered to refund the sum of $559.80, the amount

of sales tax collected upon sales of electricity by the corporation to its members up to September 13, 1940.

A temporary restraining order was issued by the Pulaski chancery court on September 13, 1940. Thereafter on September 27, 1940, appellant (defendant below) demurred to appellee's petition on the grounds that the facts alleged therein were not sufficient to support the relief prayed. From the decree overruling appellant's demurrer and making the temporary restraining order permanent, comes this appeal.

We are confronted here with the application of act 154 of 1937, as amended [generally referred to as the Arkansas Retail Sales Tax Law], in respect of the sale of electricity by appellee to its individual members, and the right of the appellant to collect the two per cent. tax thereon.

There can be no question that the sale by retail of electricity to a consumer generally for his use is subject to this sales tax under § 4, of act 154 of 1937, which provides: "The tax imposed by this act shall apply to (d) All retail sales of electric power and light, natural and artificial gas, water, telephone use and messages and telegrams." (Section 14070, Pope's Digest.)

It is the contention of appellee here, however, that the sales which it makes to its individual members are exempt from this two per cent. sales tax by virtue of the provisions of § 30 of act 342 of 1937, which was the basic act creating rural electric cooperatives such as appellee. Section 30 provides: "Corporations formed hereunder shall pay annually, on or before July first, to the Secretary of State, a fee of $10 for each 100 members or fraction thereof, but shall be exempt from all other excise taxes of whatsoever kind or nature, except as provided in this act." (Section 2344, Pope's Digest.)

It seems clear that the purpose of this section is to exempt appellee (the cooperative) from *paying* excise taxes on all property and purchases made by it, but does it exempt its individual members, to whom it *makes sales* and who are subject to the provisions of the sales tax law, from the payment of the tax?

Appellant's contention is that the sale of electricity by appellee to its individual members constitutes a retail sale within the meaning of the sales tax law, that these member-consumers are liable for the payment of the tax, and that appellee (cooperative) must collect these taxes from its members and remit the same to the Commissioner of Revenues.

Appellee contends that the distribution of electricity by it to its individual members constitutes no sale; that the title to the electric current does not change from the corporation to its individual members, that it simply amounts to an inter-corporation distribution of assets and does not amount to a sale within the meaning of the sales tax law, act 154 of 1937.

There is no claim made here that appellant has ever sought to collect any excise tax on any sale made to appellee of any material, or property, used by it in the procurement, transmission or distribution of electricity. The question for determination, then, is whether the disposition or distribution of electricity by appellee (co-operative) to its individual members constitutes a retail sale and subject to the two per cent. sales tax, whether such sale to its members is for profit or not.

It is a well established rule of law that a corporation is a separate and distinct entity, and must be considered as separate and distinct from its individual members, or share-holders. The textwriter in 14 Corpus Juris, 51, § 3, says:

"In general as an analysis of the definition will show, a corporation, while itself an association of individuals, is also something more. It is, in contemplation of law, an artificial being or person created by law having a legal entity entirely separate and distinct from the individuals who compose it, with the capacity of continuous existence of succession notwithstanding changes in its membership, and having also the capacity, as such legal entity and artificial person in the law, of taking, holding, and conveying property, entering into contracts, suing and being sued, and exercising such other powers and privileges as may be conferred on it by the law of

its creation, just as a natural person may. . . . The only essential attribute of a corporation is the capacity to exist and to act within the powers granted, as a legal entity apart from the individuals who compose its members, and this is the characteristic which distinguishes a corporation from other associations. In the absence of this characteristic there is no corporation.''

Since a corporation and its members (or stockholders) are in law separate and distinct entities, we think it must follow that a disposition, or distribution, of electricity by a corporation, such as appellee here, to its members, making a charge therefor, is a retail sale between the corporation and its individual members, and such member, as a consumer, is subject to the sales tax, such as here involved, and the corporation as a retailer must collect this tax from its member-consumers.

Act 342 of 1937, under which appellee was created and is functioning, in outlining the powers of the corporation, provides in § 4 (§ 2318, Pope's Digest): ''Each corporation shall have power to: . . . generate, manufacture, *purchase,* acquire, accumulate electric energy and to transmit, distribute, *sell,* furnish and dispose of such electric energy to its members only. . . .''

Here the corporation is given the power to *purchase* electric energy upon which purchase, as we have indicated, it is exempt from the tax. It is also given the power to *sell* the electric energy it thus acquires. We think this power to sell negatives appellee's contention that its disposition of electricity to its members amounts only to an inter-corporation transference of assets, since it would be unnecessary to give the power to sell if appellee's contention were true.

Section 25 of act 342 of 1937 (§ 2339, Pope's Digest) provides: ''Each corporation shall be operated without profit to its members but the rates, fees, rents or other charges for electric energy and any other facilities, supplies, equipment, or services furnished by the corporation shall be sufficient at all times. . . .''

While it seems clear from this section that it was the legislative intent that the corporation should operate

without profit to its members, it was nonetheless contemplated that the corporation should make and collect charges against its individual members, in the nature of rates, fees, or rents, for electric energy sufficient for the corporation's equipment and to keep it in operation. These charges were made and collected by the corporation against its members individually, separate from the corporate entity.

It is our view, therefore, that the legislature intended to, and did under the provisions of act 342 of 1937, exempt appellee from all excise taxes of every kind after it shall have paid to the Secretary of State $10 for each 100 of its members or fraction thereof, in accordance with the provisions of § 30, *supra*. But we cannot agree with appellee that the distribution of its electric energy was no more than an inter-corporation transference of its assets and not a retail sale to such members.

It is our view that appellee's distribution of its electric energy to its individual members was clearly a retail sale and subject to the two per cent. sales tax in question, and that the position of its members as regards the payment of this sales tax, is not different from that of other people who buy electricity from producers and must pay the tax.

Having reached this conclusion, we consider whether or not § 30 of act 342 of 1937, *supra,* is sufficient to exempt appellee from the duty of collecting the sales tax from its individual members and remitting same to the revenue commissioner for the state. It is our view that the act does not exempt appellee from this duty. It will be observed that the act specifically exempts corporations, such as appellee, from the *payment* of all excise taxes, but it does not exempt them from the *collection* of such taxes.

On this point, we think the rule laid down in the case of *City of Covington* v. *State Tax Commission*, 257 Ky. 84, 77 S. W. 2d 386, to be sound and should apply here. There it was held that exemption from payment of taxes does not exempt from collection of taxes and that sales to an educational, eleemosynary, or charitable

institution were exempt from the sales or excise tax, but that sales by such educational, eleemosynary, or charitable institution to a consumer were subject to a sales tax. There the court said: ''The construction we have so far given the statutes simplifies, as well as answers, some of the other questions and contentions made by the respective counsel. It also reveals an error (in subdivision 4, *supra*) of the trial court in holding that sales by educational, eleemosynary, and charitable institutions when engaged in activities of a merchant or seller of any of the taxed commodities, are exempt from the tax and exonerating them from the duty of collecting it from their customers and accounting for it to the state taxing authorities, since there is no provision of law, constitutional or otherwise, against making such institutions collectors of excise taxes growing out of transactions in which they may lawfully engage.''

We know of no provision of law in this state that would exempt appellee from the collection of this sales tax from its members, and accounting therefor to the revenue commissioner.

We conclude, therefore, that the chancellor erred in overruling appellant's demurrer and accordingly the decree is reversed, and the cause remanded with directions to proceed in a manner not inconsistent with this opinion.