349 N.W.2d 385 (1984)
217 Neb. 518
The GOVERNORS OF the KNIGHTS OF AK-SAR-BEN, Appellant,
v.
DEPARTMENT OF REVENUE, State of Nebraska, et al., Appellees.
No. 83-535.
Supreme Court of Nebraska.
June 1, 1984.
*386 C.E. Heaney, Jr., and William R. Johnson of Kennedy, Holland, DeLacy & Svoboda, Omaha, for appellant.
Paul L. Douglas, Atty. Gen., and Ralph H. Gillan, Asst. Atty. Gen., Lincoln, for appellees.
KRIVOSHA, C.J., and BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.
BOSLAUGH, Justice.
The Governors of the Knights of Ak-Sar-Ben (Ak-Sar-Ben) appeals from the order of the district court affirming the determination of the Tax Commissioner of the State of Nebraska that Ak-Sar-Ben was not entitled to a refund of sales tax paid on gate admissions in 1981.
Ak-Sar-Ben operates a horseracing track in Omaha, Nebraska, under a license from the State Racing Commission. During the 1981 racing season, Ak-Sar-Ben collected $1,195,043 from patrons for gate admissions. Ak-Sar-Ben paid $53,776.94 to the Tax Commissioner, which amount represented a state sales tax of 3 percent and an Omaha sales tax of 1.5 percent upon the total gate receipts. On April 21, 1982, Ak-Sar-Ben filed a claim for a refund of the $53,776.94 paid to the state. The claim was denied by the Tax Commissioner, and this action was commenced in the district court under Neb.Rev.Stat. § 77-27,127 (Reissue 1981).
Ak-Sar-Ben contends that Neb.Rev.Stat. § 2-1208 (Reissue 1983) prohibits the collection of a sales tax upon admissions to a racetrack operated by a licensee of the State Racing Commission. Section 2-1208 imposes a tax of 30 cents per admission, and further provides in pertinent part: "No other license tax, permit tax, occupation tax, or excise tax, or racing fee, except as provided in this section and in sections 2-1203 and 2-1208.01, shall be levied, assessed or collected from any such licensee...."
The sales tax at issue was imposed pursuant to Neb.Rev.Stat. §§ 77-2701 et seq. (Reissue 1981). Subsections 77-2703(1)(a) and (b) provide:
(a) The tax imposed by the provisions of this section shall be collected by the retailer from the consumer. It shall constitute a part of the purchase price and until collected shall be a debt from the consumer to the retailer and shall be recoverable at law in the same manner as other debts. The tax required to be collected by the retailer from the consumer constitutes a debt owed by the retailer of this state;
(b) It is unlawful for any retailer to advertise or to hold out or to state to the public or to any customer, directly or indirectly, that the tax or part thereof will be assumed or absorbed by the retailer or that it will not be added to the selling, renting, or leasing price of the property sold, rented, or leased, or that, if added, it or any part thereof will be refunded. The provisions of this subdivision shall not apply to a public utility.
Section 77-2703(2)(d) provides:
(d) All persons designated to collect the use tax and all persons required to collect the use tax shall forward the total of such collections to the Tax Commissioner at such time and in such manner as the Tax Commissioner may prescribe. Such collectors of the use tax shall deduct and withhold from the amount of taxes collected three per cent thereof as reimbursement for the cost of collecting the tax, but such deduction shall be forfeited to the State of Nebraska if such collector violates any rule, regulation, or directive of the Tax Commissioner.
The district court, in denying the claim for refund, held that Ak-Sar-Ben is a retailer charged by statute with the duty of collecting the sales tax and remitting it to the state. The district court held that the purchaser of the admission ticket is the actual taxpayer, and, thus, the sales tax is not levied upon Ak-Sar-Ben.
The language of § 77-2703 clearly states that the purchaser must pay the tax on the cost of his purchase to the retailer, who must then remit the tax to the state. *387 Moreover, the retailer is entitled to 3 percent of the tax collected as reimbursement for the cost of collecting this tax. It is clear that for purposes of the sales tax statutes the purchaser of the admission ticket is the taxpayer. On the other hand, under § 2-1208 the admission tax of 30 cents per person is imposed directly upon the licensee.
The language of the statutes is clear and unambiguous, and the statutes are not inconsistent with one another. Thus, no resort to rules of construction or interpretation is necessary. See City of Grand Island v. County of Hall, 196 Neb. 282, 242 N.W.2d 858 (1976).
We note that courts have treated similar statutory schemes as we do in the present case. See, e.g., McCarroll, Commissioner of Revenues v. Ozarks Rural Electric Cooperative Corporation, 201 Ark. 329, 146 S.W.2d 693 (1940), in which the court held that a statutory provision exempting from excise taxes a cooperative corporation which sold electricity did not relieve the cooperative corporation from the statutory duty of collecting and remitting the sales tax levied upon purchasers of electricity.
Ak-Sar-Ben further contends that even though the sales tax is imposed upon the purchaser of an admission ticket, § 2-1208 prohibits the collection of a sales tax from a licensee. We think the clear meaning of the statute is that it is the collection of a tax imposed upon a licensee that is prohibited. It would be an absurdity to hold that Ak-Sar-Ben is required to collect the sales tax from each purchaser of an admission ticket but that the Legislature intended to impose no duty upon Ak-Sar-Ben to remit the tax collected from the patrons to the state.
The judgment of the district court is affirmed.
AFFIRMED.